**MING SHI CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2688–ag.

United States Court of Appeals, Second Circuit.

Sept. 19, 2007.

Gary J. Yerman, New York, N.Y., for Petitioner.

Tammy Owens Combs, Assistant United States Attorney, for James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Chattanooga, Tenn., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Ming Shi Chen ("Chen" or "Petitioner") appeals from a May 12, 2006 order of the BIA, which affirmed without opinion the February 23, 2005 decision of Immigration Judge ("IJ") Brigette LaForest denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Shi Chen,* No. A 97 660 125

(B.I.A. May 12, 2006), *aff'g* No. A 97 660 125 (Immig. Ct. New York, N.Y. Feb. 23, 2005). We assume the parties' familiarity with the procedural history, facts, and relevant issues on appeal.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida-Rosales v. INS,* 331 F.3d 297, 307 (2d.Cir.2003).

Since Petitioner makes no arguments regarding his CAT claim, we treat that claim as abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We review only the IJ's decision regarding Petitioner's request for asylum and withholding of removal. The IJ based that decision on two independent grounds: an adverse credibility determination and a finding that Chen failed to establish past persecution or a well-founded fear of future persecution. We have concerns about the IJ's credibility finding, which was based on a Department of Homeland Security report that lacks many of the indicia of reliability we deemed vital in *Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255, 270–71 (2d Cir.2006). We need not address that issue, however, because the IJ's alternative ground for her decision was entirely appropriate. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

Chen's asylum claim is based on his status as the boyfriend of a woman who was allegedly forced to have an abortion in China. But as we held in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 313–314 (2d Cir.2007) (en banc), boyfriends or fiancés of individuals who have been persecuted under coercive family planning policies are not entitled to *per se* refugee status under 8 U.S.C. section 1101(a)(42). While a boyfriend or fiancé may be eligible for relief based on his "other resistance" to a coercive population control program, the fact that an individual's spouse or partner has been forced to have an abortion "does not, on its own, constitute resistance to coercive family planning policies." *See id.* at 313. We hold that Chen's application was appropriately denied because that application rested primarily on the alleged abortion and because the record does not come close to indicating any "other resistance" on Chen's part.

Since Chen was unable to establish his eligibility for asylum, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

We have reviewed all of Petitioner's arguments, and we find them without merit. Accordingly, the petition for review is DENIED. Petitioner's motion for a stay of removal is also DENIED.